### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAHLIL ADAMS, et al.,** | : | **Civil  No. 1:10-CV-259** |
| | : | |
| **Plaintiffs,** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **CORRECTIONS CORPORATION** | : | |
| **OF AMERICA, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM  OPINION

### I.    Introduction

Now pending before the Court is the defendants' motion for sanctions against plaintiffs and their counsel.  (Doc. 48)  As grounds for the motion, the defendants argue that the plaintiffs and counsel failed to participate in good faith in court-ordered mediation and settlement proceedings in July of 2011, thereby causing defendants and their counsel to incur needless more than $10,000 in costs and expenses that could have been avoided had the plaintiffs produced principals with settlement authority at the settlement conference.  As a sanction the defendants request that the court order plaintiffs to pay half of these expenses, or $5,052.46. (Id.)  The plaintiffs have now responded to this sanctions motion, in part, by characterizing the motion as frivolous, and requesting that the defendants be sanctioned for raising this issue, and ordered to pay the plaintiffs $750. (Doc. 54 )

Although we believe that communication in connection with the settlement conference conducted by the Court fell short of what should be expected in this setting, we do not find that any sanctions sought by either party are warranted at this time. Instead, in the exercise of our discretion, we will deny both competing requests for sanctions.

## II.    Statement of Facts and of the Case

This is a personal injury lawsuit brought by a number of inmates who were formerly held in facilities operated by the Corrections Corporation of America for injuries allegedly suffered by the plaintiffs in a May 16, 2008, automobile accident which occurred while the plaintiffs were being transported in defendants' custody through the Middle District of Pennsylvania. (Doc. 1)  With respect to the instant sanctions motion, the pertinent facts are as follows:  On May 20, 2011, the district court referred this case to the undersigned for the purpose of conducting settlement and mediation discussions. (Doc. 37)  At the time of this referral the parties candidly expressed competing, and differing, views regarding the timing of such discussions. For their part, the defendants sought immediate settlement discussions. (Doc. 48-1, Ex. A.)  The plaintiffs, in contrast, frankly expressed the view that deferring these discussions to a later date, after the close of discovery, would be the preferable course

to follow. (Doc. 48-1, Ex. B.) Presented with these competing, and conflicting, views the court scheduled this settlement conference for July 27, 2011. (Doc. 38)

As this settlement conference date approached, on July 26, 2011, plaintiffs' counsel notified the Court and defense counsel that one of his clients remained incarcerated and was unavailable for the conference, and that a second client was unwilling or unable to travel to the settlement conference on July 27, 2011. (Doc. 48-1, Ex. C.) Defense counsel objected to this late notice, (Doc. 48-1, Ex. D), and the Court convened a telephone conference with the parties on the afternoon of July 26, 2011, to discuss how best to proceed. (Doc.41)

During this conference, plaintiffs's counsel informed the Court and the defendants' counsel that one of the plaintiffs, Kahlil Adams, could attend the settlement conference; that a second plaintiff, Keith Scutchings, would not be able to attend because he was still in custody; and that a third defendant, Tyrone Payton, had other commitments and would be unable to attend this conference.  Presented with this information, the Court discussed whether the conference should be postponed or continued, but understood that defense counsel strongly wished to proceed with the conference as previously scheduled on July 27.  Therefore, the Court advised all parties that the conference would go forward as previously scheduled. With respect to the attendance of the plaintiffs at this conference, the Court excused

Mr. Scutchings from attendance, and urged plaintiffs' counsel to attempt to encourage both Mr. Adams and Mr. Payton to make every effort to attend the conference.

On July 27, 2011, the settlement conference went forward, as previously scheduled. Plaintiffs' counsel attended accompanied by Mr. Adams. Mr. Payton did not attend, as had been foreshadowed by plaintiffs' counsel prior to the conference. With respect to plaintiffs Adams, Scutchings, and Payton, the settlement discussions proceeded through several exchanges, before stalemating due to the parties' differing valuations of the case as to these plaintiffs.[1]

It is against this backdrop that on September 30, 2011, the defendants filed this motion for sanctions seeking financial sanctions of $5,052.46 from the plaintiffs and their counsel as a result of these unsuccessful settlement proceedings. (Docs. 48 and 49) This motion was referred to the undersigned by the district court, (Docs. 50 and 52), and has been fully briefed by the parties. (Docs. 54 and 56) Therefore, this matter is ripe for resolution.

While we find that communications by plaintiffs' counsel, and attendance by plaintiffs this settlement conference, fell below the Court's expectations in some respects, we conclude in the exercise of our discretion that none of these

---

[1]Another plaintiff, Gregory McConnell, who was represented by separate counsel and attended the settlement conference, settled his claims and was, therefore, dismissed from this lawsuit. (Doc.43)

shortcomings rise to the level of sanctionable misconduct. Accordingly, for the reasons set forth below, we deny this motion for sanctions.

### III.   __Discussion__

It is well-settled that a district court has the inherent power to sanction parties appearing before it for refusing to comply with its orders and to control litigation before it.  See, e.g., Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 242 (3d Cir. 2007).  Indeed, the inherent power of the court to act in this area has long been recognized by the United States Supreme Court, which has held that:

> It has long been understood that "[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution," powers "which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." United States v. Hudson, 7 Cranch 32, 34, 3 L.Ed. 259 (1812); see also Roadway Express, Inc. v. Piper, 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980) (citing Hudson ). For this reason, "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." Anderson v. Dunn, 6 Wheat. 204, 227, 5 L.Ed. 242 (1821); see also Ex parte Robinson, 19 Wall. 505, 510, 22 L.Ed. 205 (1874). These powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962).

Chambers v. NASCO, Inc. 501 U.S. 32, 43 (1991).

If a district court awards sanctions pursuant to its inherent authority, the Third Circuit will review such an award for abuse of discretion, which will be found only where "the court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." In re Prudential Ins. Co. Am. Sales Practice Litig. Actions, 278 F.3d 175, 181 (3d Cir. 2002) (quoting In re Orthopedic Bone Screw Products Liability Litig., 193 F.3d 781, 795 (3d Cir. 1999)).

In addition to the court's inherent authority, Rule 16(f) of the Federal Rules of Civil Procedure also provides that upon a motion, or on its own, a court may issue sanctions if a party or its attorney:

    (A)    fails to appear at a scheduling or other pretrial conference;

    (B)    is substantially unprepared to participate – or does not participate in good faith – in the conference; or

    (C)    fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f); see also Tracinda Corp., 502 F.3d at 242 (observing that whereas sanctions imposed pursuant to court's inherent authority generally require finding of bad faith, Rule 16(f) contains no such requirement). While it has been suggested that the court may be powerless to sanction parties for actions relating to settlement and mediation conferences, plainly under Rule 16 this is not correct. Quite the contrary, it is well-settled that Rule 16 "is the *usual vehicle* for imposing coercive

or punitive sanctions in these circumstances." <u>Taberer v. Armstrrong World Indus.,</u>

<u>Inc.</u>, 954 F.2d 888, 892, n.3 (3d Cir. 1992)(emphasis added). Indeed,

> Relying on this Rule, [courts] have imposed sanctions based upon an attorney's failure to attend a settlement conference or abide by the order scheduling the conference. <u>See Univ. of Pittsburgh v. Varian Med. Sys., Inc.</u>, 07-491, 2008 WL 1774115 (W.D.Pa. Apr.17, 2008) (Schwab, J.) (denying motion for reconsideration of sanctions imposed for failure to participate in settlement conference in good faith); <u>Karhuta v. Boardwalk Regency Corp.</u>, 06-4902, 2007 WL 2825722, at *3 (E.D.Pa. Sept.27, 2007) (Perkin, M.J.) (sanctions imposed for failing to participate in settlement conference in good faith); <u>Miller v. Unum Life Ins. Co. of America</u>, 05-177, 2006 WL 30000962, at *1 (E.D.Pa. Oct. 19, 2006) (Hart, M.J.) (sanctions imposed for failure to attend court ordered settlement conference).

<u>Stewart v. Moll</u>, No. 07-1085, 2008 WL 2954737, 3 (E.D.Pa. July 31, 2008). Thus,

Rule 16 expressly authorizes imposition of sanctions where parties fail to comply

with scheduling orders setting settlement conferences by failing to timely and

properly file settlement memoranda, <u>Grant v. Omni Health Care Systems of NJ, Inc.</u>,

No. 08-306, 2009 WL 3151322 (D.N.J. Sept. 24, 2009), or by failing to adequately

prepare for such conferences. <u>Univ. of Pittsburgh v. Varian Med. Sys., Inc.</u>, 07-491,

2008 WL 1774115 (W.D.Pa. Apr.17, 2008).  Furthermore, Rule 16 also permits the

imposition of sanctions where a party's failure to disclose its true settlement posture

to the court in a timely fashion leads to the unnecessary scheduling of settlement

conferences and proceedings. <u>Karhuta v. Boardwalk Regency Corp.</u>, 06-4902, 2007

WL 2825722 (E.D.Pa. Sept.27, 2007).  In such instances courts typically have only sanctioned parties when the parties"did not notify the court beforehand that a settlement conference at this time would be a futile act, thereby wasting the limited time, financial resources and energies of the court and [other parties at the settlement conference]," Karahuta v. Boardwalk Regency Corp. 2007 WL 2825722 at *4 (citations omitted) and have held that parties" knowing that they did not possess any additional authority following the initial conference, should have notified the court before the second conference of their position." Id. at *6.  In contrast, where a party's conduct consists of simply adopting a fixed, inflexible position in settlement talks, and that fixed position is timely communicated to others, sanctions are not appropriate since sanctions cannot be used as a vehicle for pressing parties to surrender honestly held convictions on the merits of litigation. See  Avance v. Kerr-McGee Chemical, LLC., No. 04-206, 2006 WL 4402359 (W.D. Tex. March 21, 2006)(no sanction imposed where defense counsel timely notified plaintiff's attorney of limited settlement authority).  Thus, while the court has no authority to require a party to settle his or her case, Rule 16 demands candor of parties in this setting.  It requires timely, fulsome and candid communication from parties, communications and candor which are essential to avoid unnecessary scheduling and pointless preparation for the parties and the court.

8

Yet while Rule 16 gives the court the discretion to sanction failures to comply with settlement conference orders, and other serious misconduct in the course of settlement conferences which wastes the limited time, financial resources and energies of the court and parties, this discretion is guided by certain basic principles. Foremost among these principles is the tenet that sanctions should always be narrowly tailored to meet the misconduct, and should entail no greater punishment than is reasonably necessary to address the specific wrongdoing that confronts the court. See Klein v. Stahl, GMBH & Co., Maschinefabrik, 185 F.3d 98 (3d Cir. 1999). This basic, but pivotal, aspect of the exercise of discretion in this area, has been voiced in many ways.  Thus, it is well established that, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion.  A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Chambers v. NASCO, Inc. 501  U.S. at 44-45 (citation omitted).  Therefore, in exercising this authority we are cautioned that:

> [A] district court must ensure that there is an adequate factual predicate for flexing its substantial muscle under its inherent powers, and must also ensure that the sanction is tailored to address the harm identified. In exercising its discretion under its inherent powers, the court should be guided by the same considerations that guide it in the imposition of sanctions under the Federal Rules. First, the court must consider the conduct at issue and explain why the conduct warrants sanction.

<u>Republic of Philippines v. Westinghouse Elec. Corp</u>. 43 F.3d at 74.

Moreover:

> [H]aving evaluated the conduct at issue, the district court must specifically consider the range of permissible sanctions and explain why less severe alternatives to the sanction imposed are inadequate or inappropriate. Although the court need not "exhaust all other sanctioning mechanisms prior to resorting to its inherent power" (<u>Landon v. Hunt</u>, 938 F.2d at 450, 454 (3d Cir.1991)), the court must explain why it has chosen any particular sanction from the range of alternatives it has identified. <u>See Poulis</u>, 747 F.2d at 868 (sanctions under Fed.R.Civ.P. 16 and 37).

<u>Id</u>.

With these basic principles in mind we then turn to the parties' sanctions requests.  In this case, while we believe that plaintiffs' counsel could have exercised greater diligence in providing prior notice to the Court and opposing counsel of the logistical and substantive obstacles to settlement in this case, we do not find that any financial sanctions are warranted here.  Plaintiffs' counsel did advise the Court at the outset of these discussions of counsel's view that the discussions would have limited utility prior to the completion of discovery.  Moreover, counsel brought the logistical concerns of plaintiffs Scutchings and Payton to the attention of the Court and opposing counsel on July 26, 2011, the day before the scheduled conference.  By taking the initiative and advising the Court and defense counsel of these issues, the

plaintiffs' counsel enabled the parties to make fully-informed decisions regarding whether to proceed with the conference in advance of the conference itself. Thus, the actions of plaintiffs' counsel, while perhaps tardy, allowed all parties to avoid some of the principle evils condemned by the courts in this setting: a failure to notify the parties of a matter affecting settlement which leads to: "wasting the limited time, financial resources and energies of the court and [parties at the settlement conference], " Karahuta v. Boardwalk Regency Corp. 2007 WL 2825722 at *4 (citations omitted).  While plaintiffs' counsel is admonished to endeavor to provide more timely notification of these matters in the future, we find the notice actually provided by counsel to be adequate in this case, and conclude that sanctions are not warranted against the plaintiffs or their counsel on these facts.  Yet, as we reach this conclusion on the merits of this sanctions motion in the exercise of our discretion, we also reject the plaintiffs' counsel's suggestion that the motion was itself frivolous, and warrants sanction in favor of the plaintiffs against defense counsel.   Quite the contrary, this sanctions motion raised a legitimate concern regarding the timeliness of communications regarding settlement in this case.  Thus, while we have not granted the defendants' motion for sanctions, we conclude that the motion raised a genuine issue which merited consideration by this Court and was by no means frivolous, as plaintiffs' counsel suggested.

Although we reach this conclusion in this particular case, we commend to counsel the observations of Abraham Lincoln that attorneys always should: "Discourage litigation.  Persuade your neighbors to compromise whenever you can. As a peacemaker the lawyer has superior opportunity of being a good [person].  There will still be business enough." Lincoln's advice provides sound guidance for counsel in preparing for settlement conferences, and in making decisions regarding whether to pursue sanctions litigation.

## III.   Conclusion

Accordingly, for the foregoing reasons, the parties' competing sanctions requests, (Docs. 48 and 54) are DENIED.

So ordered this 19th day of October, 2011.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge